**IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-02287-PAB

MSPBO, LLC

      Plaintiff,

      v.

ADIDAS NORTH AMERICA, INC.,
ADIDAS AMERICA, INC.,

      Defendants.

**STIPULATED PROTECTIVE ORDER**

The parties agree that certain information subject to discovery in this action may contain trade secrets or other confidential, proprietary and/or commercially sensitive information. In the interest of protecting that information and permitting discovery to proceed without delay occasioned by disputes regarding such information, the parties agree to the protective provisions set forth below. In view of these stipulations, and good cause appearing, the Court enters this Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

**IT IS ORDERED:**

1. This Confidentiality Agreement and Protective Order ("Protective Order") shall govern (i) any designated record of documentation, things or information which is produced by any Party during settlement discussions, as well as any communication or information which is relayed or exchanged by any party during such settlement discussions and (ii) any designated record of documentation, things, information, and any evidence and any form of discovery

contemplated under the Federal Rules of Civil Procedure of any type, kind or character produced in this action, including without limitation the initial pleadings, briefs, memoranda, exhibits or other writings filed with the Court, all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents (including electronic documents in any form), things and other discovery materials, whether produced informally or in response to interrogatories, requests for admission, requests for production of documents, or other formal method of discovery (collectively, "Confidential Information").

2.   Except as provided, the Parties and their counsel agree that Confidential Information may be designated as either "Confidential" or "Confidential – Outside Attorneys' Eyes Only," (as defined in paragraph 7, below) or a designation substantially similar. Upon a designation of confidentiality, the Confidential Information shall be used only for purposes necessary to the litigation, settlement of claims, or related activity between and among the parties in this action (a "Permitted Purpose"), and not for any commercial, business, competitive, or other purpose (including for the purpose of filing or prosecuting patent applications).

3.   Documents designated as "Confidential" or "Confidential – Outside Attorneys' Eyes Only" shall include (a) all copies, extracts and complete or partial summaries prepared from such documents or information; (b) portions of pleadings which contain, summarize or reflect the content of any such documents, copies, extracts, or summaries, (c) portions of deposition transcripts and exhibits which contain, summarize or reflect the content of any such documents, copies, extracts, or summaries; (d) portions of briefs, memoranda, exhibits or any other writings filed with the Court which contain, summarize or reflect the content of any such document, copies, extracts, or summaries; (e) deposition testimony designated in accordance

with paragraph 4 below; and (f) testimony taken at a hearing or other proceeding that is designated in accordance with paragraphs 5 and 22 below.

4.  Information disclosed or testimony elicited at a deposition may be designated as Confidential Information by either (i) identifying on the record at the deposition those portions of the testimony which are Confidential Information, or (ii) notifying in writing all parties to this Protective Order within thirty (30) days of the date of receipt of the deposition transcript or the date of this Order, whichever is later, those pages and lines of the transcript considered to be Confidential Information. After the thirty (30) day period has elapsed, deposition testimony can only be designated as Confidential Information upon agreement of the parties or order of the Court. During the thirty (30) days after each deposition or the date of this Order, unless otherwise agreed by the parties in particular cases, the entire transcript shall be considered as "Confidential – Outside Attorneys' Eyes Only" and shall not be disclosed to any person other than those described in Paragraph 9 below and the deponent. Upon being informed that certain portions of deposition testimony are to be designated Confidential Information, all parties shall immediately mark each copy of the transcript in its custody or control and limit disclosure of the transcript in accordance with Paragraphs 9 and 10 below.

5.  With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of information that should be kept "Confidential" or "Confidential – Outside Attorneys' Eyes Only," counsel may move to close the proceedings pursuant to D.C. Colo. L. Civ. R. 7.2.

6.  Any document, material, or information designated by a party as Confidential Information must be reviewed by an attorney. The designation of any document, material, or

information as Confidential Information, in the manner described, shall constitute a certification by the attorney reviewing the material and making such designation that he or she in good faith believes the material is confidential or otherwise entitled to protection under Fed. R. Cir. P. 26(c)(7). The parties shall endeavor to limit the use of the "Confidential" or "Confidential – Outside Attorneys' Eyes Only" designations to those documents and materials that genuinely warrant the protection provided under the terms of this Protective Order.

7. A party will make a Confidential Information designation, as is appropriate, only to that information that contains or reflects such party's trade secrets, confidential or proprietary information, or information covered by a legitimate privacy right or interest of such party or of that party's customers, employees or agents or as to which a third party has provided documents, information or other material with the understanding that it will be kept confidential. The designation "Confidential – Outside Attorneys' Eyes Only" shall be limited to Confidential Information which is (i) highly sensitive, confidential research, development and other technical information (including without limitation software code) and/or (ii) highly sensitive, confidential financial and business information.

8. Documents containing Confidential Information may be designated as "Confidential" or "Confidential – Outside Attorneys' Eyes Only" by the producing party at the time the document is produced or served by marking each page of the whole document which contains Confidential Information with the appropriate designation.

9. Except as otherwise provided by written stipulation of the parties or by further order of the Court, information designated "Confidential" may be disclosed by the party receiving such information on a need-to-know basis only to:

    a. The Court and court personnel;

b. Outside counsel of record retained by a Party to the extent necessary for the Permitted Purpose, including the employees of such counsel necessary to assist such counsel in this action, to the extent that counsel is not presently serving and has not served as an officer or manager of Phat Rat Technology, Inc., Phat Rat Technology, LLC, MSPBO, LLC, or Civix-DDI, LLC;

c. One officer, employee, agent or in-house counsel of each Party to the extent necessary for the Permitted Purpose;

d. Expert witnesses or consultants retained by the parties or counsel of record in connection with this Litigation, but only to the extent necessary for the Permitted Purpose, provided that:

   i. The name, address, current employment (if any) and curriculum vitae, including a statement of prior expert testimony of any such expert or consultant over the last five (5) years, shall be furnished to counsel of record for the other parties more than five (5) business days before access to the Confidential Information may be given to such expert or consultant;

   ii. The other party or parties shall have five (5) business days after receipt of the information called for in subparagraph (i) above to raise an objection and notify the receiving party, in writing, that the producing party objects to disclosing Confidential Information to such expert or consultant. Such notification shall include the basis of the objection. The parties shall then confer, immediately and in good faith, to resolve the conflict. If the parties cannot resolve the conflict, the receiving party may move the Court for an order allowing the

>> requested disclosures, but no disclosure shall be made until the Court rules in favor of the receiving party; and
>>
>> iii. Before access is given, such expert or consultant signs a Confidentiality Certificate in the form attached as Exhibit A.
>
> e. Any court reporter, typist or videographer providing services for recording or transcribing testimony in this action or any outside independent reproduction or graphics firm rendering reproduction or graphics services in this action;
>
> f. Witnesses at depositions or trial, and their counsel, subject to the provisions of paragraph 17, below, and provided that no copies of such information shall be given to such witness or the witness' counsel to retain; and
>
> g. Such other persons as agreed to in writing by the parties or as determined by the Court after notice and hearing to all parties.

10. Except as otherwise provided by written stipulation of the Parties or by further order of the Court, information designated "Confidential – Outside Attorneys' Eyes Only" may be disclosed by the party receiving such information on a need-to-know basis only to the persons identified in paragraphs 9(a), (b), (d), (e), (f) and (g), subject to the restrictions (if any) set forth in such paragraphs. No documents or information designated "Confidential – Outside Attorneys' Eyes Only" by a Party shall be disclosed to any other Party to this action or to any officer, director, employee, or agent of any other Party, except by written stipulation of such parties or by order of the Court.

11. To the extent a Producing Party's Source Code is discoverable in this action, it may be designated as "Source Code – Outside Attorneys' Eyes Only – Restricted Confidential"

and in addition to the protections of paragraphs 9-10, shall be subject to the following additional restrictions and protections:

a. Unless otherwise agreed by the Parties, permitted by the Federal Rules of Civil Procedure, the Local Rules or the Court's Scheduling Order, or otherwise ordered by the Court, the producing party shall provide one standalone, non-networked computer (the "Source Code Computer") for the purpose of reviewing source code, running a reasonably current version of an operating system, such as Microsoft Windows, Linux, or SunOS.  The Producing Party and the Receiving Party shall consult with one another in advance regarding particular Source Code review tools to be installed on the computer and the Receiving Party shall be responsible for bearing the cost and for providing the installation files of review tools.

b. Unless otherwise agreed by the Parties, permitted by the Federal Rules of Civil Procedure, the Local Rules or the Court's Scheduling Order, or otherwise ordered by the Court, source code shall be made available for inspection at the offices of counsel (which in the case of Defendants, shall be at their counsel's offices in Denver, Colorado) for the Producing Party during regular business hours upon reasonable notice.

c. Unless otherwise agreed by the Parties, permitted by the Federal Rules of Civil Procedure, the Local Rules or the Court's Scheduling Order, or otherwise ordered by the Court, the Receiving Party shall provide ten (10) business days notice that it wishes to inspect Source Code prior to the first inspection of any Source Code.

d. To the extent permitted by the Federal Rules of Civil Procedure, the Local Rules, the Court's Scheduling order and other orders of the  Court, the Producing Party may enforce reasonable restrictions on the review of source code in electronic format, including making source code available on a stand-alone, non-networked computer, with input/output connections

disabled such that source code cannot be removed, copied, or otherwise transferred from the Source Code Computer and the Source Code Computer cannot be connected to the Internet. Use of any input/output device (e.g. USB memory stick, CDs, floppy disk, portable hard drive, etc.) is prohibited while accessing the Source Code Computer. Under no circumstances is the Source Code to be copied or transmitted in any form without the prior authorization of the Producing Party, except as otherwise provided herein.

   e. Unless otherwise agreed by the Parties, permitted by the Federal Rules of Civil Procedure, the Local Rules or the Court's Scheduling Order, or otherwise ordered by the Court, the Receiving Party shall identify all experts or consultants it requests be allowed access to the source code at least seven (7) business days prior to any inspection, to permit the Producing Party time to object. As part of the identification procedure, the Receiving Party shall provide the Producing Party with the information set forth in paragraph 9(d) and shall also retain the expert- or consultant-executed Exhibit A in its files.

   f. Unless otherwise agreed by the Parties, permitted by the Federal Rules of Civil Procedure, the Local Rules or the Court's Scheduling Order, or otherwise ordered by the Court, the Receiving Party's expert(s) and/or consultant(s) may take notes relating to the Source Code, but may not copy any of the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself.

   g. Unless otherwise agreed by the Parties, permitted by the Federal Rules of Civil Procedure, the Local Rules or the Court's Scheduling Order, or otherwise ordered by the Court, the Receiving Party may request certain portions of the Producing Party's Source Code be printed to paper copies, but shall not request printed copies to review blocks of Source Code. The Receiving Party's outside counsel of record may make no more than three (3) additional

paper copies of any portions of Source Code. Any printed pages of source code, and any other documents or things reflecting source code that have been designated by the Producing Party as "Source Code – Outside Attorneys' Eyes Only – Restricted Confidential" may not be digitally imaged or otherwise duplicated, except to the extent the Court requires electronic filing of sealed materials, electronic copies of such limited excerpts of source code as are reasonably needed for use as exhibits to court filings. Any court filings including Source Code shall be filed under seal. Expert reports may refer to source code by Bates number and may reproduce limited excerpts of source code in the report itself as needed to identify or discuss specific source code on a Bates numbered page; however, expert reports shall not attach copies of source code as exhibits.

      h.      Unless otherwise agreed by the Parties, or permitted by the Federal Rules of Civil Procedure, the Local Rules or the Court's Scheduling Order, or otherwise ordered by the Court, the Receiving Party will not print, copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.

      i.      The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code Computer and the Source Code in a locked room or cabinet at all times when it is not in use and maintaining a log of all electronic or paper copies of any portion of Source Code in its possession, including the names of the reviewers and/or recipients of such copies.

      12.      Absent written consent from the Producing Party, any individual who receives access to "Confidential," "Confidential - Outside Attorneys' Eyes Only" or "Source Code –

Outside Attorneys' Eyes Only – Restricted Confidential" information shall not be involved in the prosecution of patents or patent applications (including the patent asserted in this action and any patent or application claiming priority to or otherwise related to the patent asserted in this action) directed to the particular subject matter disclosed in such "Confidential," "Confidential -- Outside Attorneys' Eyes Only" or "Source Code – Outside Attorneys' Eyes Only – Restricted Confidential" information before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" means directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing or advising a party before a domestic or foreign agency in connection with a reissue protest, ex parte reexamination, or inter partes review; though in connection with any such reissue protest, ex parte reexamination, or inter partes review involving the patent-in-suit, Outside Counsel for Plaintiffs shall not: (i) reveal any Defendants' Protected Material to any prosecuting reexamination counsel or agent; or (ii) consistent with Paragraph 2, use any Defendant's Protected Material for any purpose other than this litigation. This Prosecution Bar shall begin when access to "Confidential," "Confidential - Outside Attorneys' Eyes Only" or "Source Code – Outside Attorneys' Eyes Only – Restricted Confidential" information is first received by the affected individual and shall end two (2) years after the settlement and dismissal of the Producing Party from this action or the final non-appealable termination of this action.

13. This Order shall not bar any counsel of record for a Party, in the course of rendering advice to such Party with respect to this litigation, from conveying to such Party counsel's evaluation in a general way of Confidential Information produced or exchanged;

provided, however, that in rendering such advice and otherwise communicating with such Party, the attorney shall not disclose the specific contents of the Confidential Information produced by another Party, which disclosure would be contrary to the terms of this Protective Order.

14.     Prior to receiving Confidential Information, any person, other than those identified in paragraph 9(a), (b), (e) and (f), to whom Confidential Information is disclosed shall acknowledge, by signing a copy of the attached Exhibit A, that he/she has read this Protective Order and agrees to be bound by its terms.  The original executed copy of Exhibit A shall be maintained by the attorney who provides the Confidential Information to any person described in paragraphs 9 and 10 above and that attorney has a duty to reasonably ensure that such person complies with the terms of this Protective Order.

15.     This Protective Order does not affect the rights of the Parties with respect to their own documents or information. The production of any Confidential Information shall not constitute an admission by the producing party nor waive the producing party's rights, with respect to the propriety of its disclosure or its relevance.  This Protective Order shall not preclude any Party from designating and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that party may consider appropriate. Nor shall any Party be precluded from claiming, as set forth below, that any matter designated is not entitled to the protections of this Protective Order, from applying to the Court for an order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or from applying for an order modifying this Protective Order in any respect. No party shall be obligated to challenge the proprietary of any confidentiality designation at the time of production and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

16. A party may object to the designation of Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the Confidential Information to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information and shall not be treated as Confidential Information in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

17. In the event it becomes necessary to show any Confidential Information to a witness at a deposition who is not authorized to see it as set forth in paragraphs 9 and 10 above, the Confidential Information shall be disclosed to that witness only after the disclosing party consents to the disclosure to the deposition witness and the witness acknowledges on the record during that deposition that he/she read this Protective Order and agrees to be bound by its terms, unless the witness is identified on the document as being an author, source or recipient of the Confidential Information, the document refers or relates to the witness or the witness is employed by the party who produced the Confidential Information, in which case the witness may be questioned regarding the document. That portion of any deposition transcript, including

attached exhibits, which discloses, pertains to, refers to, or incorporates Confidential Information shall be treated according to the terms of this Protective Order and shall be deemed to be Confidential Information.

18. All Confidential Information filed with the Court shall be filed under seal in a manner consistent with D. C. Colo. L. Civ. R. 7.2 and 7.3.

19. This Protective Order shall be deemed to continue even after any litigation between the parties terminates. Within sixty (60) days after the conclusion of this action, including any appeals, all documents, objects, and other materials produced or designated by a producing party as containing Confidential Information, and all reproductions, excerpts, notes, summaries and digests, shall be returned to the producing party or shall be destroyed, at the option of the party receiving such materials from a producing party. The receiving party shall furnish to the other parties a certification that the Confidential Information has been returned or destroyed; provided however, that counsel may retain one complete copy of all transcripts, pleadings and memoranda, and exhibits, for archival purposes, subject to the provisions of this Protective Order.

20. Should a third-party seek access to Confidential Information, by request, subpoena or otherwise, the subpoenaed party shall promptly notify all other parties so as to provide the party whose Confidential Information is requested by the subpoena sufficient time to seek a protective order before the information requested by the subpoena is produced. Regardless of whether the Party whose Confidential Information is requested by the subpoena seeks a protective order, the subpoenaed party shall not produce such Confidential Information unless the subpoenaing parties agree to sign the Protective Order (restricting the use of the

Confidential Information exclusively to their litigation) or unless the subpoenaed parties are ordered to produce such Confidential Information by any court.

21. Any dispute which arises under this Protective Order, including any effort to contest the designation of Confidential Information as "Confidential" or "Confidential – Outside Attorneys' Eyes Only," shall be resolved by motion made before the Court under the Federal Rules of Civil Procedure and applicable local or court rules.

22. Prior to the use of any Confidential Information at any hearing held in open court, counsel desiring to use such Confidential Information shall provide reasonable notice to all counsel executing this Protective Order and allow all counsel executing this Protective Order the opportunity to object to the disclosure of Confidential Information in open court.

23. The inadvertent or unintentional production or disclosure of Confidential Information by a party owning such Confidential Information that should have been designated "Confidential" or "Confidential—Outside Attorneys' Eyes Only," regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the party's claim of confidentiality, either as to the specific information or document disclosed or as to any other document or information containing the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying, in writing, counsel for all parties to whom the material was disclosed or produced that the material should be designated "Confidential" or "Confidential – Outside Attorneys' Eyes Only." Such notice shall constitute a designation of the information as Confidential Information under this Protective Order and the receiving party shall either (i) mark all documents that include the Confidential Information (including any documents provided by paragraph 3) with the

appropriate designation and/or (ii) return the documents to the designating party so that the designating party can affix the appropriate designations to the documents.

24.     The provisions of this Protective Order shall survive the conclusion of this litigation, whether by settlement, judgment or otherwise, and shall continue in full force and effect. The Court shall retain jurisdiction over the parties and any other person bound by this Protective Order, to enforce this Protective Order.

25.     It is expressly contemplated and agreed that any non-party may invoke all provisions of this Protective Order which are available to a producing party, and that the parties, in accordance with the terms of this Protective Order, will treat as Confidential Information, all information of a non-party that is designated as such in writing by the non-party, its representative, or any party that in good faith believes such non-party's information contains or embodies its Confidential Information.

26.     Nothing contained in this Order shall be construed to require production of Confidential Information deemed by counsel or record for the producing party to be privileged or otherwise protected from discovery.

27.     Nothing contained in this Order shall be construed as (a) preventing a party from using or continuing to use any information that is already known to the party, or which is or becomes publicly known through no unauthorized act of such party, or (b) preventing a party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such party other than through discovery of the producing party. Should a dispute arise as to any specific information or materials, the burden shall be on the party claiming that such information or materials is or was publicly

known or was lawfully obtained other than through discovery of the producing party.

DATED this 23rd day of December, 2013.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

APPROVED:

/s/ David J. Sheikh _____
David J. Sheikh
NIRO, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137
Email: sheikh@nshn.com

Alexander C. Clayden
LATHROP & GAGE LLP
950 17th Street, Suite 2400
Denver, Colorado  80202
(720) 931-3200
Fax: (720) 931-3201
Email:  aclayden@lathropgage.com

**Attorneys for Plaintiff**
**MSPBO, LLC**

/s/ Caroline A. Bader_____
Megan J. Redmond
Adam P. Seitz
Caroline A. Bader
ERISE IP, P.A.
6201 College Blvd., Suite 300
Overland Park, KS 66221
Email:  megan.redmond@eriseip.com
Email: carrie.bader@eriseip.com

Paul R. Hart
ERISE IP, P.A.
5300 DTC Pkwy., Suite 210
Greenwood Village, CO 80111
(913) 777-5600
Email: paul.hart@eriseip.com

Matias Ferrario
Kilpatrick Townsend & Stockton LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Phone: (336) 602-7300
Fax:  (336) 602-7500
Email:  mferrario@kilpatricktownsend.com

**Attorneys for Defendant**
**Adidas North America, Inc., and**
**Adidas America, Inc.**

**IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-02287-PAB

MSPBO, LLC

   Plaintiff,

   v.

ADIDAS NORTH AMERICA, INC.,
ADIDAS AMERICA, INC.,

   Defendants.

# EXHIBIT A
# UNDERTAKING REGARDING PROTECTIVE ORDER

I, _____, declare that:

1.  My address is _____.

    My current employer is _____.

    My current occupation is _____.

2.  I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.  I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose any Protected Materials to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "Confidential," "Confidential – Outside Attorneys' Eyes Only," or "Source Code – Outside Attorneys' Eyes Only – Restricted Confidential" that is disclosed to me.

4.  Promptly upon termination of these actions or after my involvement in these actions

      otherwise terminates, I will return all documents and things designated as "Confidential," "Confidential – Outside Attorneys' Eyes Only," or "Source Code – Outside Attorneys' Eyes Only – Restricted Confidential" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Name Printed _____

Date _____