**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-02287-PAB-KMT
(Consolidated with Civil Action No. 13-cv-03388-PAB-KMT)

MSPBO, LLC

                Plaintiff,

     v.

ADIDAS NORTH AMERICA, INC.,
ADIDAS AMERICA, INC., AND
GARMIN INTERNATIONAL, INC.

                Defendants.

_____

**PLAINTIFF MSPBO, LLC'S MOTION TO DISMISS
THE COUNTERCLAIM ASSERTED BY DEFENDANTS ADIDAS NORTH AMERICA,
INC., ADIDAS AMERICA, INC. AND GARMIN INTERNATIONAL, INC.
AND NON-PARTY DYNASTREAM INNOVATIONS, INC.**
_____

Pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiff MSPBO, LLC

("MSPBO") moves to dismiss the Counterclaim asserted by defendants Adidas North

America, Inc., Adidas America, Inc., Garmin International, Inc. and non-party

Dynastream Innovations, Inc. ("Dynastream").

## PROCEDURAL BACKGROUND

On August 26, 2013, MSPBO filed a complaint against Adidas North America,

Inc. and Adidas America, Inc. (collectively, "Adidas"), which initiated Civil Action No.

1:13-cv-02287.  MSPBO later filed a first amended complaint against Adidas on October

21, 2013.  (Dkt. No. 16.)   Adidas answered MSPBO's first amended complaint on November 4, 2013.  (Dkt. No. 17.)

On December 16, 2013, MSPBO filed a complaint against Garmin International, Inc. ("Garmin"), which initiated Civil Action No. 1:13-cv-03388.  On January 9, 2014, Garmin moved to dismiss, or in the alternative, stay the litigation pending arbitration. (Dkt. No. 19, Case No. 1:13-cv-03388.)  Garmin's motion to dismiss or stay the litigation has been fully briefed.  (Dkt. Nos. 40, 44; Dkt. No. 29, Case No. 1:13-cv-03388.)  On January 31, 2014, this Court consolidated the two cases for all purposes and directed "all future pleadings and other filings" to be filed in this case only.  (Dkt. No. 41 at p. 3.)

On February 3, 2014, without seeking or obtaining leave of Court, Adidas filed an amended answer to MSPBO's first amended complaint ("Amended Answer").  (Dkt. No. 42 at pp. 2-8.)  Garmin did not join in the Amended Answer.  (*Id.* at p. 2.)

The Amended Answer also adds a purported Counterclaim on behalf of Adidas, Garmin, and non-party Dynastream[1] against MSPBO, PhatRat Technology, LLC ("PhatRat"), Paul Jonjak, and Curtis Vock.  (*Id.* at p. 8.)  As such, the Counterclaim purports to add four parties to the suit, identifying PhatRat and Messrs. Jonjak, and Vock as "Counter-Plaintiffs" and Dynastream as a "Counter-Defendant."  (*Id.* at p. 1.) Other than allegations regarding the factual background, the parties, and jurisdiction and venue (*id.* at ¶¶ 1-21), the Counterclaim consists of three counts: a breach of contract count against PhatRat and Messrs. Jonjak and Vock (*id.*, ¶¶ 22-27); an "alter

---

[1] MSPBO disputes whether non-party Dynastream should be permitted to join this dispute.

ego" count against Messrs. Jonjak and Vock (*id.*, ¶¶ 28-31); and an "attorneys' fees" count against Messrs. Jonjak and Vock.  (*Id.*, ¶¶ 32-35).   However, the title of the Counterclaim and the Prayer for Relief indicate that the Counterclaim is also brought against MSPBO.  (*Id.* at pp. 8, 14.)

Before filing this Motion, MSPBO requested that Adidas and Garmin withdraw the Amended Answer for the reasons stated in this motion.   MSPBO also pointed out to Adidas and Garmin that they must obtain leave of Court to file the Amended Answer, and requested that they go through that process.   Adidas and Garmin refused to withdraw the Amended Answer.   Also, Adidas and Garmin asserted that they were not required to seek leave of Court, relying on a ***proposed*** scheduling order submitted on November 26, 2013, which suggested February 3, 2014 deadline to join parties and/or to amend the pleadings "without leave of Court." (Dkt. No. 23 in Civil Action No. 13-cv-02287.)   However, the Court did not adopt that suggestion (or many other suggestions made by the parties in their proposed scheduling order) in its December 3, 2013 Order.

On February 6, 2014, the Court issued an Agreed Pretrial Schedule for the Consolidated Civil Actions (Dkt. No. 47).   Like the December 3, 2013 Order, the February 6, 2014 Order does not include the "without leave of Court" wording.   Thus, no Court Order exists that permits the Amended Answer without leave of Court.   MSPBO's position remains that Adidas and Garmin must seek and obtain leave of Court (which requires a legally-sufficient justification for the pleading) before the new parties, defenses and counterclaims in their Amended Answer can become part of this suit.

## ARGUMENT

### I.   THE ALLEGED COUNTERCLAIM FAILS TO STATE A CLAIM AGAINST MSPBO UPON WHICH RELIEF CAN BE GRANTED

While Adidas, Garmin, and non-party Dynastream purport to allege a Counterclaim against MSPBO, they never actually do so.  The Counterclaim consists of three counts – all of which are asserted against other, newly added parties to the litigation.  ***No count of the Counterclaim is directed to MSPBO***.  *See* 2 *Moore's Federal Practice*, § 10.03[2][b] at 10-26 & n.22 (Matthew Bender 3d Ed.) (explaining that allegations against multiple parties should be divided into counts to clearly indicate to which party each claim applies).

Nor do Adidas, Garmin, and non-party Dynastream properly seek relief with respect to MSPBO, as required by Federal Rule of Civil Procedure 8(a)(3).  These parties' only prayer for relief directed to MSPBO – who is the only named "Plaintiff" in this suit – asks for a finding in their "favor and against Plaintiff" and the grant of an award of "damages resulting from Plaintiff's breach of the Garmin-PhatRat and Dynastream-PhatRat agreements[.]"  (Dkt. No. 42 at p. 14.)  But Adidas, Garmin, and non-party Dynastream have not alleged that MSPBO has breached either of the Garmin-PhatRat or Dynastream-PhatRat agreements, which stands to reason because MSPBO was not a party to those agreements.  The only parties that have been alleged to breach either of these agreements are PhatRat and Messrs. Jonjak and Vock.  (*Id.* at ¶¶ 23-27.)  Adidas, Garmin, and non-party Dynastream cannot legitimately seek breach of contract damages from MSPBO for agreements MSPBO is not alleged to have breached.

With no Counterclaim count alleged against MSPBO and with no proper prayer for relief directed to MSPBO, Adidas, Garmin, and non-party Dynastream have not stated a claim ***against MSPBO*** upon which relief can be granted.  As such, dismissal of the Counterclaim with respect to MSPBO is appropriate under Rule 12(b)(6).  *See* 2 *Moore's*, *supra*, § 10.03[1][b] at 10-22 ("A complaint that is so poorly drafted that it fails to give fair notice may be dismissed for failure to state a claim."); 5 *Wright & Miller Federal Practice and Procedure: Civil* 3d § 1217 at 258 ("[C]ourts often will use a motion directed at the form of a pleading (or a motion to dismiss under Rule 12(b)(6)) as a vehicle for considering whether any possible claim for relief exists.").

## II.   GARMIN AND DYNASTREAM CANNOT BRING A COUNTERCLAIM AGAINST MSPBO

Garmin's and non-party Dynastream's Counterclaim against MSPBO must be dismissed for another, independent reason – a counterclaim by either party is not permitted by the Federal Rules of Civil Procedure.

Garmin's failure to respond to any of MSPBO's allegations – by moving to dismiss or stay this litigation and by not joining in Adidas' Amended Answer – precludes its purported Counterclaim against MSPBO.   A party cannot bring a counterclaim against a party when it has not yet filed an answer to the complaint.  *Allied Med. Assocs. v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 839063 (E.D. Pa. Mar. 26, 2009). Indeed, it would be ironic to allow Garmin to, on the one hand, rely on its motion to dismiss or stay to avoid responding to MSPBO's complaint and, on the other hand, assert a counterclaim against MSPBO.

Non-party Dynastream likewise cannot bring its purported Counterclaim against MSPBO.  "Only defending parties may assert counterclaims."  3 *Moore's*, *supra*, § 13.90[2][a] at 13-78.  Here, MSPBO has not brought a claim against Dynastream in either of its complaints in this litigation.  (Dkt. No. 16; Dkt. No. 1, Case No. 1:13-cv-03388.)  As such, despite its self-serving designation as a "Counter-Defendant," Dynastream is not a defending party.  3 *Moore's*, *supra*, § 13.90[2][a] at 13-78 ("Defending parties are parties against whom a claim has been filed.").

## CONCLUSION

For the foregoing reasons, the Counterclaim brought by Adidas, Garmin, and non-party Dynastream fails to state a claim against MSPBO and, additionally, Garmin and non-party Dynastream are not permitted under the Federal Rules of Civil Procedure to allege a counterclaim against MSPBO.  Accordingly, the Counterclaim should be dismissed at least with respect to MSPBO.

Respectfully submitted,

s/David J. Sheikh
David J. Sheikh
Joseph A. Culig
Daniel R. Ferri
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137
Email(s) : sheikh@nshn.com
Email(s): jculig@nshn.com
Email(s): dferri@nshn.com

Alexander C. Clayden
LATHROP & GAGE LLP
950 17th Street, Suite 2400
Denver, Colorado  80202
(720) 931-3200
Fax: (720) 931-3201
Email:  aclayden@lathropgage.com

**Attorneys for Plaintiff, MSPBO, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 21, 2014 the foregoing

**PLAINTIFF MSPBO, LLC'S MOTION TO DISMISS
THE COUNTERCLAIM ASSERTED BY DEFENDANTS ADIDAS NORTH AMERICA,
INC., ADIDAS AMERICA, INC. AND GARMIN INTERNATIONAL, INC.
AND NON-PARTY DYNASTREAM INNOVATIONS, INC.**

was filed with the Clerk of Court using the CM/ECF system, and was also served upon the following counsel via email transmission:

Paul R. Hart
Erise IP, PA
5300 DTC Pkw, Suite 210
Greenwood Village, Colorado 80111
Phone: (913) 777-5600
Email:  paul.hart@eriseip.com

Megan J. Redmond
Adam Seitz
Caroline A. Bader
Erise IP, P.A.
6201 College Boulevard, Suite 300
Overland Park, KS  66211
Phone: (913) 777-5600
Fax:  (913) 777-5601
Emails:  megan.redmond@eriseip.com
              Adam.seitz@eriseip.com
              carrie.bader@eriseip.com

Matias Ferrario
Kilpatrick Townsend & Stockton LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Phone: (336) 602-7300
Fax:  (336) 602-7500
Email:  mferrario@kilpatricktownsend.com

***Attorneys for Defendants
Adidas North America, Inc., Adidas America, Inc. and Garmin International, Inc.***

/s/David J. Sheikh
David J. Sheikh
Joseph A. Culig
Daniel R. Ferri
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137
Email(s) :  sheikh@nshn.com

Email(s):   jculig@nshn.com
Email(s):   dferri@nshn.com

**Attorneys for Plaintiffs, MSPBO, LLC**