IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-02287-PAB-KMT
        (Consolidated with Civil Action No. 13-cv-03388-PAB-KMT)

MSPBO, LLC,

    Plaintiff,

v.

GARMIN INTERNATIONAL, INC.,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on the Stipulated Dismissal with Prejudice (the "stipulation") [Docket No. 72] filed jointly by Plaintiff MSPBO, LLC ("MSPBO") and defendants Adidas North America, Inc. and Adidas America, Inc. (collectively "Adidas") and the Motion to Dismiss Counterclaim and Brief in Support [Docket No. 59] filed by PhatRat Technology LLC, Curtis Vock, and Paul Jonjak.

The Court first turns to the stipulation. On February 3, 2014, Adidas filed Defendants' Amended Answer to Plaintiff's First Amended Complaint and Counterclaims (the "amended answer"), wherein Adidas answered MSPBO's allegations. *See* Docket No. 42 at 1-8. The pleading also purported to assert counterclaims on behalf of Adidas, Garmin International, Inc. ("Garmin"), and Dynastream Innovations, Inc. ("Dynastream") "against Plaintiff MSPBO, LLC ('MSPBO'), PhatRat Technology, LLC ('PhatRat'), Paul Jonjak, and Curtis Vock." *Id.* at 1, 8. The stipulation states that: "All claims and counterclaims brought by Adidas against any

party in this suit are dismissed with prejudice.  This specifically includes all claims and counterclaims brought by Adidas in . . . Defendant's First Amended Answer to MSPBO's First Amended Complaint."  Docket No. 72 at 1-2.  Having reviewed the stipulation, the Court finds that Adidas' voluntary dismissal of its counterclaims against MSPBO, PhatRat, Mr. Jonjak, and Mr. Vock is under terms the Court considers proper and will accordingly order such claims dismissed with prejudice.[1]  Fed. R. Civ. P. 41(a)(2), (c).

Before reaching the motion to dismiss filed by PhatRat, Mr. Jonjak, and Mr. Vock, the Court must first determine whether, after the dismissal of all counterclaims asserted by Adidas, any counterclaims by Garmin remain.  Although a portion of the amended answer purported to assert counterclaims on behalf of Garmin, Garmin has failed to properly raise its counterclaims.  The Federal Rules of Civil Procedure provide for the assertion of a counterclaim within a pleading.  Fed. R. Civ. P. 13(b) ("A pleading may state as a counterclaim against an opposing party any claim that is not compulsory.").  A party is not permitted to raise a counterclaim "separate from and outside of a recognized pleading."  *Allied Med. Associates v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 839063, at *1 (E.D. Pa. March 26, 2009); *accord Microsoft Corp. v. Ion Techs. Corp.*, 484 F. Supp. 2d 955, 965 (D. Minn. 2007) ("[c]ounterclaims, however, must appear in a pleading").  Rule 7 does not list counterclaims as separate pleadings.

---

[1] The Court interprets the stipulation as voluntarily dismissing counterclaims Adidas raised against MSPBO, PhatRat, Paul Jonjak, and Curtis Vock, entities specifically named in Adidas' amended answer.  Thus, the Court does not reach the issue of whether Adidas properly joined PhatRat, Mr. Jonjak, and Curtis Vock as parties.

*See* Fed. R. Civ. P. 7(a); *Allied Med.*, 2009 WL 839063, at *2 ("Rule 7(a) does not designate counterclaims as pleadings."). Because Garmin did not join in Adidas' answer to MSPBO's allegations (and has not filed an answer of its own), Garmin fails to raise its counterclaims "*as part of* a recognized pleading." *See Allied Med.*, 2009 WL 839063, at *2 (emphasis in original) (dismissing counterclaims where defendant had yet to file an answer); *see also Microsoft*, 484 F. Supp. 2d at 965 ("a separate document that contains counterclaims is not a permissible pleading"). Thus, to the extent Garmin seeks to assert counterclaims against the above-mentioned parties, such claims are dismissed without prejudice. Dynastream, who Garmin appears to have sought to join as a counterclaim plaintiff, has not attempted to intervene or otherwise file a pleading and therefore will be terminated as a party.

For the foregoing reasons, it is

**ORDERED** that Adidas' counterclaims against MSPBO, PhatRat Technology, LLC, Paul Jonjak, and Curtis Vock are **DISMISSED** with prejudice. It is further

**ORDERED** that Garmin's counterclaims against MSPBO, PhatRat Technology, LLC, Paul Jonjak, and Curtis Vock are **DISMISSED** without prejudice. It is further

**ORDERED** that MSPBO, PhatRat Technology, LLC, Paul Jonjak, Curtis Vock, and Dynastream Innovations, Inc. are hereby terminated as parties to this action. It is further

**ORDERED** that Plaintiff MSPBO, LLC's Motion to Dismiss the Counterclaim Asserted by Defendants Adidas North America, Inc., Adidas America, Inc. and Garmin International, Inc. and Non-Party Dynastream Innovations, Inc. [Docket No. 49] and

PhatRat Technology LLC, Curtis Vock and Paul Jonjak's Motion to Dismiss Counterclaim and Brief in Support [Docket No. 59] are **DENIED** as moot.

DATED September 11, 2014.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge